# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **COURTNEY ELIZABETH BROWN-HUDGINS,** ) <br> ) <br> **Plaintiff,** ) <br> ) <br> v. ) <br> ) <br> **CAROLYN W. COLVIN,** ) <br> **Acting Commissioner of Social Security,** ) <br> ) <br> **Defendant.** ) | No. 3:13-cv-00874 <br><br> **Judge Nixon** <br> **Magistrate Judge Brown** |

## ORDER

Pending before the Court is the parties' Joint Motion for an Award of Attorney Fees Under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("Motion") in which they request an award of $3,500 to Plaintiff's attorney, David C. Downard. (Doc. No. 26.)

Upon Plaintiff's Motion for Judgment on the Administrative Record (Doc. No. 15), the Magistrate Judge issued a Report and Recommendation recommending that Plaintiff's Motion for Judgment on the Administrative Record be granted and that the case be remanded for reconsideration. (Doc. No. 20 at 13.) By order entered September 23, 2015, this Court adopted the Magistrate Judge's Report as modified, granted Plaintiff's Motion for Judgment on the Administrative Record, and remanded the case to the Commissioner for further proceedings. (Doc. No. 23 at 12.)

Under the Equal Access to Justice Act ("EAJA"), the Court "shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . including proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The application for fees and other expenses must be filed within thirty days of the final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The statute defines "final judgment" as "a judgment that is final and not appealable." 28 U.S.C. § 2412(d)(2)(G). The Supreme

1

Court has explained that "[a]n EAJA application may be filed until 30 days after a judgment becomes 'not appealable'—*i.e.*, 30 days after the time for appeal has ended." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993).

Because Plaintiff obtained an order reversing and remanding the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g), she qualifies as a prevailing party under the EAJA. Defendant joined Plaintiff's request for fees in the Motion, thus conceding that Defendant's position in this case was not substantially justified. The Court concludes that there are no special circumstances that would make an award unjust. Under the sixty-day time limit for appeal set forth in Fed. R. App. P. 4(a)(1)(B), the Motion was timely filed. Consequently, Plaintiff is entitled to an award under the EAJA.

Plaintiff's attorney filed an itemized statement detailing the actual time expended and the rate at which fees were computed (Doc. No. 25-1 at 2–4). *See* 28 U.S.C. § 2412(d)(1)(B). The parties then agreed that an award of $3,500, a lesser amount than originally requested, would be appropriate. (*Compare* Doc. No. 25-1 at 4 *with* Doc. No. 26 at 1.) The requested attorney fee award of $3,500 computes to an hourly rate of $158.73 from 2013 to 2015. The EAJA provides that "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The Court finds that the rise in the cost of living since the EAJA statutory rate was last increased justifies the requested hourly rate. The Court further finds that $3,500 is a reasonable award for the work performed and, accordingly, **GRANTS** the Motion.

As stated by the parties, "Plaintiff's [original] Application for Attorney Fees (DE 25) is now moot." (Doc. No. 26 at 1.) Therefore, Doc. No. 25 is hereby **TERMINATED AS MOOT**.

It is so ORDERED.

Entered this the 23rd day of November, 2015.

_____
JOHN T. NIXON, SENIOR JUDGE
UNITED STATES DISTRICT COURT